# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| JAMES R. DRINKWATER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CIVIL ACTION 12-0495-WS-N |
| | ) |
| EQUIFAX INFORMATION | ) |
| SERVICES, LLC, *et al.*, | ) |
| | ) |
| Defendants. | ) |

## ORDER

This matter comes before the Court on Plaintiff's Motion to Enforce Settlement Agreement (doc. 40).

Back on August 14, 2013, the parties filed a Joint Statement Regarding Settlement Status, reflecting that "[t]his case has settled as to the remaining two defendants – Equifax Information Services LLC and Experian Information Solutions, Inc." (Doc. 38, ¶ 1.) In reliance on the Joint Statement, the Court entered an Order on that same date, dismissing this action with prejudice, subject to the parties' right to reinstatement within 30 days if the settlement agreement or documentation were not consummated in the interim. (Doc. 39.) The parties did not request, and the August 14 Order did not include, any provision through which this Court retained jurisdiction or incorporated the terms of their settlement agreement into such Order.

Five months later, on January 15, 2014, plaintiff, James R. Drinkwater, filed his Motion to Enforce Settlement Agreement (doc. 40) as to defendant Equifax Information Services. As grounds for this Motion, Drinkwater maintains that the settlement agreement was finalized on November 18, 2013 and that he complied with all conditions of the settlement, but that Equifax has never paid the agreed-upon settlement funds. On that basis, Drinkwater requests that this Court "enter an order enforcing the written settlement agreement" and "issue sanctions against" Equifax for its noncompliance. (Doc. 40, ¶ 5.)

Taking these factual allegations as true, Drinkwater would appear to have a compelling claim against Equifax for breach of the settlement agreement. The fundamental problem with

plaintiff's Motion to Enforce Settlement Agreement, however, is that this Court lacks jurisdiction to hear it. Typically, a defendant's breach of an agreement settling a federal action does not give rise to a federal cause of action for specific enforcement of that agreement. In that regard, the law is clear that a federal court lacks inherent power to enforce a settlement agreement simply because it was reached in connection with a lawsuit in the federal forum. Rather, there must be either "some independent basis for federal jurisdiction," or the Court must possess ancillary jurisdiction because "the parties' obligation to comply with the terms of the settlement agreement had been made part of the order of dismissal." *Kokkonen v. Guardian Life Insurance Co. of America*, 511 U.S. 375, 380-82, 114 S.Ct. 1673, 128 L.Ed.2d 391 (1994); *see also Anago Franchising, Inc. v. Shaz, LLC*, 677 F.3d 1272, 1278 (11th Cir. 2012) ("enforcement of a settlement agreement falls outside of the scope of ancillary jurisdiction of the federal courts, even when the court had jurisdiction to hear the underlying case"). As *Kokkonen* explained, enforcement of a settlement agreement "is more than just a continuation or renewal of the dismissed suit, and hence requires its own basis for jurisdiction." *Kokkonen*, 511 U.S. at 378. For that reason, the Court applies the bright-line rule that "enforcement of the settlement agreement is for state courts, unless there is some independent basis for federal jurisdiction." *Id.* at 382. No independent basis for federal jurisdiction over the settlement enforcement issue has been suggested, and none appears in the court file. The August 14 Order of dismissal neither retained jurisdiction to oversee implementation of the settlement agreement nor otherwise elevated any breach of such agreement into a violation of the Order; thus, ancillary jurisdiction under *Kokkonen* is lacking.[1] Even if this Court were inclined to do so, it is powerless to create federal jurisdiction now, because "a district court cannot retain jurisdiction by issuing a postdismissal order to that effect." *Anago*, 677 F.3d at 1279.

This result "does not leave the parties without a remedy – they may seek to enforce the settlement agreement in state court." *Anago*, 677 F.3d at 1281 (citation omitted). "When the

---

[1] *See, e.g., Anago*, 677 F.3d at 1279 ("To retain jurisdiction to enforce a settlement agreement, the court itself must act; agreement by the parties is not enough."); *Parke v. Glover*, 2010 WL 2036408, *1 (S.D. Ala. May 19, 2010) ("In the ordinary case when federal court litigants enter into a settlement agreement, this Court does not retain jurisdiction to oversee enforcement issues that may arise months or even years down the road; rather, those concerns typically implicate state law and are left for state courts to adjudicate.")

settlement agreement is not made part of a court order, it is merely a private contract arising out of a case in federal court and has nothing to do with the underlying case." *Id.* (citation and internal marks omitted). "The contract does not require adjudication by the same court, and is too remote from what courts require in order to perform their functions." *Id.* (citation and internal quotation marks omitted).

For the foregoing reasons, the Motion to Enforce Settlement Agreement (doc. 40) is **dismissed** for lack of jurisdiction.

DONE and ORDERED this 17th day of January, 2014.

s/ WILLIAM H. STEELE
CHIEF UNITED STATES DISTRICT JUDGE